IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIWANN MATHIS, | : | |
| | : | |
| Movant/Defendant, | : | Civ. Act. No. 13-2007-LPS |
| | : | Cr. Act. No. 11-71-LPS-1 |
| v. | : | Civ. Act. No. 13-2008-LPS |
| | : | Cr. Act. No. 12-18-LPS |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent/Plaintiff. | : | |

Diwann Mathis. *Pro se* Movant.

Shannon Thee Hanson, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

**MEMORANDUM OPINION**

March 27, 2017
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Diwann Mathis ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (D.I. 99 in Crim. Act. No. 11-71-LPS-1; D.I. 17 in Crim. Act. No. 12-18-LPS) The United States ("Government") filed an Answer in Opposition. (D.I. 112 in Crim. Act. No. 11-71-LPS) For the reasons discussed, the Court will deny Movant's § 2255 Motion without holding an evidentiary hearing.

## II. BACKGROUND

On April 3, 2012, Movant pled guilty to: (1) four counts of the Indictment in Crim Act. No. 11-71-LPS, charging him with conspiracy to commit bank fraud, bank fraud, social security fraud, and aggravated identity theft; and (2) three counts of the Felony Information in Crim. Act. No. 12-18-LPS, charging him with conspiracy to defraud the Government with respect to claims, identity theft, and misuse of a social security number. (D.I. 55 in Crim. Act. No. 11-71-LPS-1; D.I. 3 in Crim. Act. No. 12-18-LPS) On August 2, 2012, the Court sentenced Movant to a total of fifty-one months of imprisonment. (D.I. 76 in Crim. Act. No. 11-71-LPS-1; D.I. 7 in Crim. Act. No. 12-18-LPS) Movant appealed, and the Third Circuit Court of Appeals summarily affirmed his convictions due to his appellate waiver. (D.I. 96 in Crim. Act. No. 11-71-LPS-1; D.I. 16 in Crim. Act. 12-18-LPS)

Movant timely filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant To 28 U.S.C. § 2255. (D.I. 99 in Crim. Act. No. 11-71-LPS-1; D.I. 17 in Crim. Act. No. 12-18-LPS) The Government filed a Reply in Opposition. (D.I. 112 in Crim. Act. No. 11-71-LPS-1) Movant also filed a Motion to Consolidate his § 2255 proceeding with his co-defendant wife's (Marketa Wright's) § 2255 proceeding. (D.I. 94 in Crim. Act. No. 11-71-2-LPS-1; D.I. 14 in Crim. Act. No. 12-18-LPS)

### III. MOTION TO CONSOLIDATE

In his Motion to Consolidate, Movant seeks to consolidate his § 2255 proceeding with Wright's § 2255 Motion[1] because he and Wright are seeking to vacate their judgments in Crim. Act. No. 11-71-LPS on the same ground, and they are seeking identical relief. (D.I. 94 in Crim. Act. No. 11-71-2-LPS-1) After reviewing Movant's § 2255 Motion, Wright's § 2255 Motion, and the Government's Answer in Opposition, the Court concludes that consolidating Movant's § 2255 Motion with Wright's § 2255 Motion would be inappropriate. As explained below, the Court concludes that Movant's § 2255 Motion is meritless. In contrast, however, according to the Government's Response in Wright's § 2255 proceeding, Wright's § 2255 Motion is time-barred.[2] Accordingly, the Court will deny the Motion to Consolidate.

### IV. DISCUSSION

In the instant Motion, Movant asserts that defense counsel provided ineffective assistance by: (1) failing to object to the enhancement for there being 50 or more victims; and (2) failing to object to the computation of his criminal history score at sentencing. The Government contends that these Claims should be denied as meritless.

Movant has properly raised his ineffective assistance of counsel allegations in a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500 (2003). Although Paragraph 9 of Movant's Plea Agreement contains the following waiver of Movant's right to file a direct appeal and/or a collateral attack on his conviction and sentence, the waiver expressly exempts ineffective assistance of counsel claims:

---

[1] Marketa Wright's § 2255 Motion is D.I. 99 in Crim. Act. No. 11-71-LPS-2.

[2] (D.I. 110 in Crim. Act. No. 11-71-LPS-2)

2

> The defendant knows that he has, and voluntarily and expressly agrees to waive, the right to file any appeal, any collateral attack, or any other writ or motion in this criminal case after sentencing -- including but not limited to, an appeal under Title 18, United States Code, Section 3742 or Title 28, United States Code Section 1291 or a motion under Title 28, United States Code Section 2255 -- **except that the Defendant reserves his right to appeal based on a claim that:** (1) Defendant's sentence exceeded the statutory maximum; (2) that the sentencing judge erroneously departed upwards from the Guideline range; or (3) **that his counsel was constitutionally ineffective.**

(D.I. 55 at ¶ 16 in Crim. Act. No. 11-71-LPS-1; D.I. 3 in Crim. Act. No. 12-18-LPS) (emphasis added) Therefore, the Court can consider the Claims asserted in the instant Motion. *See United States v. Phillips*, 396 F. App'x 831, 835 n.4 (3d Cir. 2010) (noting that appellant could pursue ineffective assistance of counsel claim in collateral proceeding because appellate waiver expressly exempted ineffective assistance claims).

As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first *Strickland* prong, Movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, Movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Id.* at 694; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). In the context of a guilty plea, a movant satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Moreover, "[w]here defense counsel fails to object to an improper enhancement under the Sentencing Guidelines, counsel has rendered ineffective assistance." *Jansen v. United States*, 369 F.3d

3

237, 244 (3d Cir. 2003). A court can choose to address the prejudice prong before the deficient performance prong, and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced. *Strickland,* 466 U.S. at 668. Finally, although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *Id.* at 689.

### A. Claim One: Defense Counsel Failed to Challenge Sentence Enhancement

In Claim One, Movant contends that defense counsel provided ineffective assistance by failing to challenge the sentencing enhancement for fifty or more victims of the crime. Movant appears to assert that the enhancement was improperly applied because the victims were not human beings but, rather, a total of five financial institutions or governmental entities. (D.I. 100 at 2-7 in Crim. Act. No. 11-71-LPS-1) This argument is unavailing. During sentencing, the Court explained that Movant's offenses included the misappropriation and use of thirty-two social security numbers (D.I. 82 at 35 in Crim. Act. No. 11-71-LPS-1) and the filing of fifty-three false tax returns (D.I. 82 at 36 in Crim. Act. No. 11-71-LPS-1). The Court explained,

> [t]hese fraudulent schemes also had a financial impact, resulting in losses in excess of $200,000, and at least as importantly helped impair if not destroy credit ratings of numerous individuals. Indeed, the Probation Office heard from many of them whose credit ratings were impaired and who have suffered in all sorts of ways as a result of their identities and identifying information being stolen. The sentencing guidelines reflect that there are more than 50 victims altogether.

(D.I. 82 at 36 in Crim. Act. No. 11-71-LPS-1) Additionally, during the plea colloquy, Movant agreed to the factual basis for his guilty plea, which detailed the number of victims. (D.I. 112-2 at 39-33 in Crim. Act. No. 11-71-LPS-1)

4

Finally, Movant's co-defendant Wright challenged the fifty or more victims enhancement at her sentencing, which the Court rejected. (*See* D.I. 109 at 10 in Crim. Act. No. 11-71-LPS-2) Specifically, the Court explained:

> The Government has established by a preponderance of the evidence that there were at least 50 victims involved as between the two schemes that the defendant [Wright] pled guilty to participating in. "Victim," of course, is defined as "an individual or institution that suffered pecuniary harm as well as any person whose identity is used unlawfully."
>
> Here, the record reflects that more than 50 fraudulent tax returns were prepared and filed, plus an additional of at least 32 identity thefts, plus at least three financial institutions that suffered harm.
>
> In the Court's view, all of those count as victims, particularly with reference to Guideline 2B1.1, Application Note 4E, which was intended to overrule the authority that the defendant [Wright] bases her objection on. Specifically, the [*United States v.*] *Kennedy*, [554 F.3d 415 (3d Cir. 2009)] decision.
>
> Further, it is also, in the Court's view, true that if this enhancement were to be eliminated from the calculation, the Court would then have to apply the vulnerable victim enhancement for the defendant's [Wright's] use of the Social Security number of her son, so the Court would have to add back two points. Unless there were a lack of evidence that at least 10 victims were involved, and the Court only understands that defendant's [Wright's] objection to be that there are not 50 victims involved, then had she been granted the two points off that she seeks by this objection, the Court would have to add back the two points for the vulnerable victim, and we would end up exactly where we were. So again the objection under 2B1.1 (b)(2) is overruled.

(D.I. 109 at 10-11 in Crim. Act. No. 11-71-LPS-2) Given these circumstances, the Court concludes that defense counsel did not perform deficiently by failing to raise a sentencing challenge that was subsequently determined to lack merit.

Movant also cannot demonstrate a reasonable probability that he would have received a different sentence but for defense counsel's failure to raise a baseless objection to the enhancement.

5

As the Court explained during Wright's sentencing, the vulnerable victim enhancement was applicable because one of the victims was Movant's son. Application of this enhancement would have resulted in the addition of two points, thereby leading to the same result reached with application of the enhancement for 50 or more victims. Accordingly, the Court will deny Claim One as meritless.

### B. Claim Two: Defense Counsel Failed to Object to Criminal History Score Computation

In Claim Two, Movant asserts that defense counsel should have objected to his criminal history score as being inaccurately calculated. Specifically, he argues that he should not have received one criminal history point for his 1999 misdemeanor conviction for offensive touching, because he did not receive a sentence over thirty days of imprisonment or over one year of probation.

The Court rejects Movant's assertion. According to the Sentencing Guidelines, sentences for misdemeanor offenses are counted toward a defendant's criminal history score. However, certain enumerated offenses and offenses similar to those enumerated offenses are counted only if "(A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to the instant offense." U.S.S.G. § 4A1.2(c)(1) Since "offensive touching" or an offense similar to "offensive touching" is not included in the aforementioned list of excluded enumerated offenses, and U.S.S.G. § 4A1.1(c) provides that a defendant accumulates one criminal history point for each prior sentence not counted in either U.S.S.G. § 4A1.1(a) or (b), Movant was properly assessed one criminal history point for his 1999 offensive touching conviction. In sum, defense counsel did not provide ineffective assistance by failing to assert a meritless objection.

6

Movant also contends that defense counsel should have challenged the two criminal history points assessed for his trafficking cocaine conviction. He argues that he was improperly assessed the two criminal history points because he did not receive over sixty days of imprisonment.

Movant was sentenced to Delaware's Boot Camp Program, and two and one-half years of Level 3 probation for trafficking cocaine. (D.I. 100 at 8 in Crim. Act. No. 11-71-LPS-1) Movant appears to base the instant argument on his belief that the Boot Camp Program to which he was sentenced constitutes an addiction education program under Delaware law, and not imprisonment. *Id.* He is mistaken. The period of time Movant served in the Boot Camp Program is not an excludable diversionary disposition but, rather, constitutes a sentence, because it was the result of a finding of guilt in a judicial proceeding. *See* U.S.S.G. § 4A1.1(f). Movant was in custody for the trafficking cocaine conviction for more than six months, namely, from March 19, 2001 until October 2, 2001. (D.I. 112 at 5; *see also* U.S.S.G. § 4A1.2(b)(1) (explaining "sentence of imprisonment" means sentence of incarceration) Therefore, defense counsel did not provide ineffective assistance by failing to raise another meritless objection.

For the reasons set forth above, the Court will deny Claim Two as meritless.

## IV. EVIDENTIARY HEARING

Section 2255 requires a district court to hold a prompt evidentiary hearing unless the "motion and the files and records of the case conclusively show" that the Movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Fed. R. Civ. P. 8(a), 28 U.S.C. foll. § 2255. As previously explained, the record conclusively demonstrates that Movant is not entitled to relief. Therefore, the Court will deny Movant's § 2255 Motion without an evidentiary hearing.

7

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant's Claims lack merit, and is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## VI. CONCLUSION

For all of the foregoing reasons, the Court will dismiss Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence without an evidentiary hearing. Additionally, the Court will not issue a certificate of appealability. The Court shall issue an appropriate Order.